IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 06-152 (PLF) |
| | : | |
| TAJSHA WASI | : | |
| | : | |
| Defendant. | : | |

**MOTION FOR REVIEW OF ORDER OF DETENTION**

Comes now Defendant Tajsha Wasi, through counsel, respectfully moves the court, pursuant to 18 U.S.C. §§ 3145(b), to review de novo[1] the order of detention entered in this case on May 24, 2006. As grounds for his Motion, Defendant Tajsha Wasi shows the court:

**Facts**

1. Ms. Wasi was arrested on May 3, 2006 and charged with unlawful, knowing, and intentional possession with the intent to distribute a mixture and substance containing a detectable amount of cocaine base. She was presented on a complaint charging a violation of 21 U.S.C. §§ 841(a)(1) on May 3, 2006. The government requested that she be held without bond and a hearing was set for May 8, 2006.

2. Following the detention hearing, Magistrate-Judge Alan Kay ordered

---

[1] Courts are in agreement that under 18 U.S.C. §§ 3145(c), the district court should review the magistrate's findings de novo and make its own independent conclusions concerning conditions of release. See, e.g., United States v. Leon, 766 F.2d 77 (2d Cir. 1985); United States v. Fortna, 769 F.2d 243 (5th Cir. 1985), cert. denied 479 U.S. 950 (1986).

Ms. Wasi held without bond.  Ms. Wasi has not previously sought review of that detention order.

3. On June 1, 2006, an indictment was returned charging Ms. Wasi in seven counts with possession with the intent to distribute 50 Grams or more of cocaine base, possession with the intent to distribute Heroin, possession with the intent to distribute Cannabis, possession with the intent to distribute Ecstasy, Possession of a Firearm, possession of a firearm and ammunition by a person convicted of a crime, unlawful maintenance of premises to manufacture, store and use a controlled dangerous substance, allegedly occurring on May 3, 2006.

### Argument

4. Ms. Wasi submits that the order of detention should be vacated and that this court should set conditions of release in this case.  The Bail Reform Act ("the Act"), 18 U.S.C. §§§§ 3142, et.seq., creates four bail options: release on personal recognizance, release on conditions, temporary detention and pretrial detention.  The Act mandates pretrial release on personal recognizance or unsecured bond ("shall order the pretrial release. . . .", 18 U.S.C. §§ 3142(b)) unless the court determines that release will not reasonably assure the person's appearance or will endanger the safety of any person or the community. When personal recognizance or an unsecured bond is determined to be inadequate to guarantee appearance or safety, the Act still mandates release ("shall order the pretrial release. . . .", 18 U.S.C. §§ 3142(c)) subject to specified conditions.  The conditions must be the least restrictive conditions necessary to reasonably assure the defendant's appearance and the community's safety. United States v. Fortna, 769 F.2d 243 (5th Cir. 1985), cert. denied, 479 U.S. 950 (1986).

5. There are several factors in the instant case which demonstrate that there are conditions of release which would both guarantee Ms. Wasi's appearance and assure the safety of

the community. First, Ms. Wasi has a very limited criminal record. She was arrested for embezzlement, and given a sentence of two (2) years of probation.[2]

6.  Additionally, Ms. Wasi has substantial ties to this community.  She is a lifelong resident of the area.  Her family, including her mother, and her child, reside in the Washington metropolitan area.  That the Defendant family members and friends will assure the Defendants presence in court and has also agreed to have the Defendant reside at one of there homes and, are compelling evidence of the central role Mr. Wasi occupies in the lives of her family members.

7.  At the time of her arrest, Ms. Wasi was not employed on a regular basis and had been working off and on with a staffing company, Ms. Wasi had previously been place by the staffing company on a temporary assignment doing administrative work for a period of six (6) months.

8.  Apart from the pending charges, there is absolutely no evidence that Ms. Wasi is or ever has been a danger to the community. Additionally, since her ties to the community are substantial, there is no reason to think that she would not return to court when given notice to do so.

9.  Counsel for Ms. Wasi, on her behalf, requests that she be released to the third-party custody of the Department of Corrections for placement in a halfway house. Defendant Tajsha Wasi submits that the supervision provided by the Department of Corrections in a halfway house setting is ample to assure the safety of the community and her presence at all future court proceedings.  If Ms. Wasi fails to comply with any rule or regulation of the halfway house, she would be immediately remanded to the jail. Placement in a halfway house would

---

[2] A drug test administered following arrest in this case was negative, according to information furnished to the court at arraignment in this case.

allow Ms. Wasi to continue to support her family, and to avoid her family becoming dependents of the city. Trial in this case has not been set as of the filing of this motion, thus, giving Mr. Wasi time in which to make substantial contributions to her family. Given the availability of a less onerous alternative, one which would protect the community, guarantee Ms. Wasi appearance at all future court proceedings, and benefit her minor child, a halfway house is a reasonable alternative to preventive detention.

**WHEREFORE**, the foregoing reasons, Ms. Wasi respectfully requests that his Motion be granted.

Respectfully submitted,

/s/Antoini M. Jones

**Antoini M. Jones, Esquire**
6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
(301) 277-0770
**Attorney for Defendant Tajsha Wasi**

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Motion to Review Order of Detention upon Denise M. Clark, Esq., Assistant U. S. Attorney, by mailing, postage prepaid a copy to her at her offices at 555 4th Street, N.W., Washington, D. C. 20530, this 27th day of June, 2006.

/s/Antoini M. Jones

**Antoini M. Jones**, **Esquire**