UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  06-152 (PLF)** |
| | : | |
| v | : | |
| | : | |
| **TAJSHA WASI** | : | |

**GOVERNMENT'S MOTION TO IMPEACH DEFENDANT
WITH HER PRIOR CONVICTION PURSUANT TO RULE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of defendant's prior conviction for impeachment purposes should the defendant elect to testify at trial in the above-captioned case.  In support of this motion, the government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter:

1.     The defendant has been charged in an indictment with unlawful possession with intent to distribute 50 grams or more of cocaine base and aiding and abetting, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; unlawful possession with intent to distribute heroin and aiding and abetting, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1) ( C ) and 18 U.S.C. § 2; unlawful possession with intent to distribute cannabis and aiding and abetting, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)( C ) and 18 U.S.C. § 2; unlawful possession with intent to distribute ecstasy and aiding and abetting, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1) ( C )  and 18 U.S.C. § 2; using, carrying and possessing a firearm during a drug trafficking offense and aiding and abetting, in violation of 18 U.S.C. 924 ( c ) (1) and (2) and 18 U.S.C. §2; unlawful possession of a firearm and ammunition by a person convicted of a crime

punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922 (g)(1) and unlawful maintenance of premises to manufacture, distribute, store and use a controlled substance, in violation of 21 U.S.C. 856(a)(2). The defendant's prior conviction is as follows::

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
|---|---|---|---|---|
| Embezzlement | CF000127 | Alexandria, VA | 2 years incarceration, all of which was suspended | 5/25/00 |

    2.    Federal Rule of Evidence 609(a)(1) provides for the admission of prior felony conviction of a defendant for impeachment purposes, subject to the time constraints of Rule 609(b), if the Court determines that the probative value of the evidence outweighs its prejudicial effect to the defendant. Here, the defendant's conviction clearly qualifies and meets the requirements of Rule 609(b).

    3.    In evaluating whether the probative value of this conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all felony convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility. United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc). In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the Lipscomb court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis. Id. at 1051, 1073.

As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted).

5.     Inasmuch as every impeachment by prior conviction involve some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the defendant in this case. Cf. Lipscomb, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much") (emphasis in original). Should the defendant testify in this case, the issue of her credibility will be a central issue for the jury. The probative value of the conviction in assessing that credibility, involving as it does a serious and recent offense, clearly outweighs whatever prejudice there may be to the defendant -- particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court grant the governments motion to impeach the defendant's credibility with her prior conviction should she testify at trial.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

---

Denise M. Clark
Assistant United States Attorney
555 4th Street, N.W.  #4840
Washington, DC 20530
Phone: 353-8213
Fax: 353-9414