```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA** :
:
    v. : Criminal No. 06-152 (PLF)
:
:
**TAJSHA WASI** :
:

## MOTION TO SUPPRESS STATEMENTS
## AND INCORPORATED MEMORANDUM IN SUPPORT

Comes now, Defendant Tajsha Wasi, by and through her attorney, Antoini M. Jones, and respectfully moves the Court for an Order suppressing her statements to government agents, on the grounds that they occurred in response to custodial interrogation before she had been advised of, and knowingly and voluntarily waived, her rights under Miranda v. Arizona, 384 U.S. 436 (1966).

### BACKGROUND

Ms. Wasi is charged in a eight count indictment arising from the alleged discovery of drugs and a loaded handgun. According to the government, Ms. Wasi made statements during the execution of the search warrant.

### ARGUMENT

**I.  MS. WASI'S STATEMENTS WERE OBTAINED IN VIOLATION OF MIRANDA.**

Miranda requires suppression during the government's case-in-chief of any unwarned communication by the defendant in response to custodial interrogation. See, e.g., Pennsylvania v. Muniz, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody"

under Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 444. Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnotes omitted).  With regard to the statement at issue here, Ms. Wasi was clearly in custody for Miranda purposes since the alleged statements were made during thie excution of the search warrant in this case and while she was in "handcuffs." Certainly, at that point, no individual would consider herself free to leave. Thus, Ms. Wasi, at the time she made the statements, had been "deprived of her freedom of action in a[] significant way," Miranda, 384 U.S. at 444, and a "reasonable man in [Ms. Wasi's] position would have understood his situation" as being one in which he was not free to leave the agent's custody, Berkemer v. McCarty, 468 U.S. at 442.

   Ms. Wasi also was subject to interrogation by the police. While the discovery suggests that there is no indication that Ms. Wasi had been administered, and waived, her Miranda rights prior to making the statements, the defense contends that such a

waiver, if it occurred, was not knowing and voluntary. While the burden is of course on the government to establish that the waiver was knowing and voluntary, see Colorado v. Connelly, 479 U.S. 157, 168-70 1986); Moran v. Burbine, 475 U.S. 412, 421 (1986), the defense reserves its right to present independent evidence on this issue at the time of the hearing. Accordingly, the government has not fulfilled its burden of demonstrating that Ms. Wasi waived her Miranda rights, that any such waiver was knowing and voluntary, or that Ms. Wasi, in fact, made the statement attributed to her.  Accordingly, these statements must be suppressed.

## CONCLUSION

**Wherefore** the foregoing reasons, and any others which may appear to the Court following an evidentiary hearing, Ms. Wasi requests that the Court suppress the statements she made to government agents.

Respectfully Submitted,

/s/Antoini M. Jones
**Antoini M. Jones, Esquire**
6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
(301) 277-0770
**Attorney for Defendant Tajsha Wasi**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 06-152 (PLF) |
| | : | |
| **TAJSHA WASI** | : | |
| _____ | : | |

**ORDER**

Upon consideration of Defendant Tajsha Wasi's Motion to Suppress Statements, the Incorporated Memorandum in Support thereof, the government's Response thereto, and the record of the evidentiary hearing in this matter, it is this _____ day of _____, 2006, hereby

**ORDERED** that defendant Tajsha Wasi's Motion is granted; and it is further

**ORDERED** that the prosecution shall be barred from using Ms. Wasi's statements at the trial in this case.

_____
**THE HONORABLE PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE**

Copies to:
**Denise M. Clark, Esquire
Assistant U.S. Attorney**
555 - 4th Street, N.W.
Washington, D.C. 20001

**Antoini M. Jones, Esquire**
6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22th day of September, 2006, the foregoing Motion, and the Memorandum in Support, were served by mail postage pre-paid or hand delivered, upon:

**Denise M. Clark, Esquire**
**Assistant U.S. Attorney**
**555 - 4th Street, N.W.**
**Washington, D.C. 20530**

/s/Antoini M. Jones
**Antoini M. Jones, Esquire**