UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JAN - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

Crim. No. 06-152 (PLF)

TAJSHA WASI,

Defendant.

## STATEMENT OF THE OFFENSE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Tajshi Wasi, hereby submits this Statement of the Offense. The essential elements of the offense of Unlawful Possession with Intent to Distribute Five Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and 18 U.S.C. § 2(a), each of which the Government must prove beyond a reasonable doubt, are:

1. That Defendant possessed five grams or more of cocaine base, or "crack";

2. That such possession was knowing and intentional, and not the result of any mistake, accident, or inadvertence; and

3. That, at the time Defendant possessed the cocaine base, Defendant had the specific intent and purpose of Aiding and Abetting her co-defendant to distribute it to another person or persons.

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on May 3, 2006, at approximately 7:40 p.m., Metropolitan Police Department officers executed a search warrant at                    , Southeast, Washington, D.C. Upon entering the apartment, the officers found defendant Tajsha Wasi along with an infant and an eight year old child in the apartment. Initially, defendant Tajsha Wasi was verbally advised of her

Miranda rights and waived them. During a subsequent interview with police defendant Tajsha Wasi stated that she was the lessee of the apartment, and she claimed that she was the only person who lived in the apartment on a full time basis, but added that co-defendant Shane Wooden sometimes visited the apartment.

During the search of defendant Tajsha Wasi's apartment, police located, in the living room, a cigar containing marijuana, as well as a ziplock bag containing marijuana a small quantity of marijuana on the living room table. Further, they found a plastic green egg containing 12 small ziplocks of crack cocaine on the floor near the living room. In the hallway closet, the officers recovered a shoebox containing a digital scale and a large ziplock bag containing approximately 322 grams of marijuana therein, and two Kevlar vests hanging up on hangers. In the apartment's kitchen, officers found, in part, a purple plastic egg containing two ziplocks of crack cocaine, a digital scale, a hot plate, empty small ziplock bags, Inositol, and $1,115 on the top of the kitchen cabinets. Inside the kitchen cabinets, the officers recovered a .380 caliber Smith and Wesson pistol with a magazine containing .380 caliber ammunition, 14 additional small ziplocks of crack cocaine, and a sandwich bag containing approximately 51 grams of crack cocaine. Finally, in the freezer, inside a lockbox, police located 162 small ziplocks containing heroin.

Underneath a child's bed in one of the bedrooms, officers found a coffee can containing three colored plastic eggs; inside each egg, there were 15 ziplocks of crack cocaine, for a total of 45 ziplocks. In another bedroom, officers found 22 pills of ecstasy in three ziplock bags inside of a jewelry box, eight additional pills of ecstasy located in a bag, and $5,000 U.S. currency and a digital scale located inside a safe.

The drugs recovered from the apartment were later sent to the Drug Enforcement Administration's chemical laboratory, for analysis. The examination revealed that police seized from defendant Tajsha Wasi's apartment on May 3, 2006, a total of 81.0 grams of cocaine base, 316.94 grams of marijuana, 15.6 grams of heroin, and 1.9 grams of ecstasy, or MDMA.

Finally, all of the above-described narcotics, including the crack cocaine, were knowingly and intentionally jointly possessed by defendant Tajsha Wasi inside her apartment on May 3, 2006, and, defendant Tajsha Wasi possessed the crack cocaine with the specific intent and purpose of Aiding and Abetting her co-defendant to distribute it to others.

In addition to the foregoing evidence, defendant Tajsha Wasi acknowledges that the above-described drugs were brought to her apartment by her co-defendant, Shane Wooden, and that she permitted co-defendant Shane Wooden to store the drugs inside the apartment. Furthermore, defendant Tajsha Wasi acknowledges that only she, co-defendant Shane Wooden, and their small children had access to the entire apartment, including the kitchen area, where the aforementioned firearm was found by police.

This Statement of the Offense is a summary of Defendant Tajsha Wasi's participation in the offense of Unlawful Possession with Intent to Distribute Five Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and 18 U.S.C. § 2(a), and is not intended to be a complete accounting of all facts and events related to the offense. The limited purpose of this Statement of the Offense is to demonstrate that a factual basis exists to support Defendant Wasi's guilty plea in this case.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By: /s/ Donnell W. Turner
Donnell W. Turner
Assistant United States Attorney
Maryland Bar
United States Attorney's Office
555 Fourth Street, N.W., Room 4235
Washington, D.C. 20530
(202) 305-1419

## DEFENDANT'S ACKNOWLEDGMENT

I have read this three-page factual proffer and have discussed it with my attorney, Antoini Jones, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 1/3/07

Tajsha Wasi
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 1/3/07

Antoini Jones, Esq.
Attorney for Defendant